No. 3016

Second Circuit

SMEDLEY v. RUSHING

(November 8, 1928.   Opinion and Decree.)

Murff and Perkins, of Shreveport, attorneys for plaintiff, appellee.

A. M. Wallace, of Benton, attorney for defendant, appellant.

REYNOLDS, J.   This is a possessory action. The petition was filed on September 30, 1926, by Julia Moory Smedley, Mary Moory Ely, Susie Moory Brown, Columbus Moory, and Daniel Anderson, against George Rushing.

They allege that they were in actual undisturbed possession as owners of east half of Northeast quarter of Section thirteen Township eighteen North Range twelve West, in Bossier parish, Louisiana, for more than a year prior to the institution of the suit, and that since November, 1925, they were disturbed in their possession by George Rushing going in and upon a strip of said land lying just south of the Shreveport and Haughton gravel road, fencing up a strip consisting of about five or six acres, and by the said Rushing's building thereon a house and an oil and gas filling station; and they ask judgment restoring them to the possession of the property and that their right to sue for damages caused by the disturbance be reserved to them.

Defendant denies that he is in possession of any part of the land claimed by plaintiffs and alleged that he is in possession of a tract of land described as follows, to-wit:

Beginning at southeast corner of Section 12 Township 18 Range 12, Bossier Parish, La., run thence west 790 feet; thence north 120 feet to Shreveport and Minden good road; thence along said road to point of intersection of the Minden and Haughton roads; thence along said Haughton road to the point where said road crosses the east line to Section 12 Township 18 Range 12, Bossier Parish, La.; thence south, along said section line, a distance of 32 feet to point of beginning.

On these issues the case was tried and there was judgment in favor of the plaintiffs and against the defendant that the property in the possession of defendant was the property claimed by plaintiffs and ordering him to surrender possession thereof to the plaintiffs and to desist from further interfering with their possession thereof.

From this judgment defendant appealed, and plaintiffs have answered the appeal

and pray that the judgment be amended by reserving to them the right to sue defendant for damages for disturbing them in their possession of the property.

## OPINION

The only question in the case is whether defendant is in possession of the land claimed by plaintiffs or not.

George E. Dutton, a civil engineer and surveyor, testified that he made a survey of the locus in quo between February 26, 1926, and April 10, 1926, and made a map or plat of the survey, and this map or plat was filed in evidence. This map or plat shows, amongst other things, the location of the line between sections 12 and 13 in Township 18 North and the line between ranges 11 and 12 West, with reference to the lands in the actual, physical possession of the defendant.

And he further testified:

"Q. Did you make a survey and map of the surroundings there, in and around this land that is in controversy between the plaintiffs and defendant?

"A. I did.

"Q. I will ask you to examine this map and see if it is a true and correct location of the grounds around the place.

"A. It shows the result of that survey.

"Q. I will ask you whether or not this house, known as the Rushing house and garage, is north or south of that public road?

"A. South of the public road.

"Q. I will ask you if there is a line of fence running north of the house, the dwelling house, along the side of that public road?

"A. There is.

"Q. You don't know how long it has been there?

"A. No, sir.

"Q. Did you make a survey of this quarter section in order to locate this place, and get the true location?

"A. Yes, sir; run the entire township line and range line between twelve and eleven, thirteen.

"Q. I will ask whether or not these houses are located north or south of the dividing line between sections 12 and 13?

"A. Located south of the dividing line.

* * *

"Q. This place marked 'dwelling' is known as the Rushing dwelling?

"A. It is.

"Q. The garage is the one Rushing is supposed to have built on the land?

"A. It is.

"Q. This, according to your survey, is of what section, 13?

"A. Yes, sir.

"Q. East half of Northeast quarter of Section 13?

"A. East half of Northeast quarter of Section thirteen Township eighteen North Range twelve West."

The testimony of this witness and that of Susie Brown, Mary Elly, Alf Thornton, Joe Elly, Wess Smith, Tom Hickman, and A. J. Murff, etsablishes to our satisfaction that plaintiffs were in possession of the land claimed by them as owners and undisturbed for more than a year prior to defendant taking possession thereof, that they brought this suit within one year after such disturbance, and that the land in defendant's possession is that described in plaintiffs' petition and not that described in his answer, and therefore the judgment appealed from is correct insofar as it orders defendant to restore possession of the property to plaintiffs and cease further disturbing their possession thereof. However, in their petition plaintiffs asked that their right to sue for whatever damages may have been caused them by defendant's acts be reserved to them and this additional relief the judgment failed to give them and in an answer to the appeal they ask this court to amend the judgment appealed from so as to reserve to them this right, and they are entitled to such amendment.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended so as to reserve to plaintiffs the right to sue defendant for any damages they may have sustained by reason of his disturbing their possession of the property claimed by them, and that as so amended the judgment be affirmed.